Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5304 | **DATE** | 7/27/2012 |
| **CASE TITLE** | Spaine vs. Kane-Richards et al | | |

**DOCKET ENTRY TEXT**

Therefore, Plaintiff's Motion for the Appointment of Counsel is denied at this time. Should the case proceed to a point that the assistance of counsel is appropriate, the Court may revisit this request. For the reasons set forth above, Spaine's Motion to Proceed *In Forma Pauperis* is granted on her Title VII claim. Here FLSA claim and her ADA claim are dismissed.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

     Plaintiff Anne M. Spain moves the Court to proceed *in forma pauperis* without the full prepayment of filing fees and for the appointment of counsel. Spain is suing her former employer, Community Contacts, Inc., Nancy Kane-Richards, and Lowell D. Tosch for discrimination against her on the basis of her race in violation of Title VII, and for creating work conditions violating the Fair Labor Standards Act and the Americans With Disabilities Act.

     Pursuant to 28 U.S.C. §1915(a), the Court may authorize Spaine to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Spaine need not be penniless to proceed *in forma pauperis* under §1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed *in forma pauperis* if payment of the filing fees will prevent her from providing for life's necessities. *See Id.* According to Spaine's financial affidavit, she is currently unemployed, has less than $200.00 in her checking or savings account, and owns no stocks, bonds, securities, or other financial instruments. Spaine owns no real estate and no personal property, with the exception of a 2007 Pontiac valued at $4,000.00, towards which Spain makes monthly payments of $300.00. Based on Spaine's financial affidavit, it appears that the only income she receives is $1,788.00 per month in social security and disability benefits. Based on these facts, Spaine's financial affidavit sets forth her inability to pay the mandated court fees.

     Under 28 U.S.C. § 1915, the Court must look beyond Spaine's financial status to determine whether she has a valid claim to proceed. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious,

| STATEMENT |
|---|

if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Spaine's Title VII complaint alleges that supervisors at Community Contracts subjected her to verbal abuse, unfair discipline, and retaliatory dismissal. Spaine's Complaint was timely filed, provides Community Contracts with adequate notice of the charges, and does not appear frivolous or otherwise meritless. Therefore, Spaine's Title VII Complaint is properly before the Court.

However, Spaine's allegations under the Fair Labor Standards Act ("FLSA") and the Americans With Disabilities Act ("ADA") fail to allege any basis giving rise to a plausible entitlement to relief. Spaine states that she earned over $10.00 per hour at Community Contracts, a wage sufficiently greater than the $7.25 minimum wage set by the U.S. Department of Labor. *See* 29 U.S.C. § 206. Furthermore, her claims that the workplace fails to offer certain amenities such as a reception area or office cleaning service does not state a claim upon which relief may be granted since the FLSA does not cover such matters. Therefore, her FLSA claim is not properly before the Court and it is dismissed. Her ADA claim fails as well because nowhere in her Complaint does Spaine state what disability she suffers from. Thus, Spaine's ADA claim is also dismissed.

Plaintiff has also filed a motion for the appointment of counsel. Plaintiff has no automatic right to counsel in a civil case. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Plaintiff has proven herself able to adequately represent herself thus far. The case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that she has the presence of mind and intellectual capability to continue representing herself at this stage of the proceedings. Therefore, Plaintiff's Motion for the Appointment of Counsel is denied at this time. Should the case proceed to a point that the assistance of counsel is appropriate, the Court may revisit this request. For the reasons set forth above, Spaine's Motion to Proceed *In Forma Pauperis* is granted on her Title VII claim. Here FLSA claim and her ADA claim are dismissed.