IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANNE M. SPAINE, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 5304 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| COMMUNITY CONTACTS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Anne Spaine filed suit against her former employer, Community Contacts, Inc. ("CCI"), for race discrimination in employment pursuant to 42 U.S.C. § 1981. Midway through the discovery phase of her suit, CCI moved for summary judgment on the basis of lack of standing and judicial estoppel because Spaine failed to disclose this suit when she filed her voluntary petition for Chapter 7 bankruptcy, which petition has since been discharged. For the reasons stated, CCI's motion is granted.

## FACTS

The following facts are undisputed. On November 24, 2010, Spaine filed a voluntary petition for Chapter 7 bankruptcy (the "2010 Bankruptcy") in the Bankruptcy Court for the Northern District of Illinois, Case No. 10 B 52583. (Pl. Add'l SOF at ¶ 1). Spaine's 2010 Bankruptcy was dismissed for failure to pay the filing fee, without a discharge of debt. (Pl. Add'l SOF at Ex. A). Spaine filed this suit on July 5, 2012. (Def. SOF ¶5). This suit seeks lost wages and monetary damages based on the termination of her employment at CCI on April 19, 2011. (Def. SOF ¶6, 7).

1

On November 5, 2012, Spaine filed a new petition for Chapter 7 bankruptcy, also in the Bankruptcy Court for the Northern District of Illinois (the "2012 Bankruptcy"), Case No. 12 B 43937. (Def. SOF ¶ 8). As part of the petition in the 2012 Bankruptcy, Spaine executed a declaration that she provided true and correct information on the required schedules of property, including Schedule B, the schedule for all personal property. (Def. SOF at ¶ 9). Schedule B requires disclosure, among other things of "other contingent and unliquidated claims" as well as their estimated value. (Def. SOF at ¶ 12). On the Schedule B filed by Spaine in the 2012 Bankruptcy, Spaine did not disclose the existence of this suit and instead indicated that she had no personal property or contingent and unliquidated claims of any kind. (Def. SOF at ¶ 11, 13). Also as part of 2012 Bankruptcy, Spaine filed the required Statement of Financial Affairs. (Def. SOF at ¶ 20). Line item 4 of the Statement of Financial Affairs instructs the debtor to "list all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." (Def. SOF at ¶ 20). Spaine disclosed two eviction lawsuits from 2011 and 2012, but not this suit. (Def. SOF at ¶21, 22, Ex. E at 49).

Spaine admits that she filed both the Schedule B showing no personal property and the Statement of Financial Affairs failing to list this suit, but claims that she merely refiled the schedules from the 2010 Bankruptcy because the 2012 Bankruptcy was in fact a reopening of the 2010 Bankruptcy and she believed she was following the direction of the Bankruptcy Court in refiling the materials used in the 2010 Bankruptcy as the 2012 Bankruptcy. (Pl. Add'l SOF at ¶ 4-6, Ex. E).

On December 17, 2012, the Bankruptcy Trustee in the 2012 Bankruptcy reported that he had received no property nor paid any money on account of Spaine's bankruptcy estate, and after diligent inquiry believed that there was no property for distribution. (Def. SOF at ¶ 25). The

Trustee indicated that Spaine's total scheduled debt of $109,682.00 should be discharged without payment. (Def. SOF at ¶ 25). On February 12, 2013, the United States Bankruptcy Court for the Northern District of Illinois granted Spaine a discharge under the Bankruptcy Code, and on February 19, 2013, closed Spaine's 2012 Bankruptcy. (Def. SOF at ¶ 26, 27). On March 11, 2013, Spaine filed an emergency motion to reopen her 2012 Bankruptcy to reaffirm an auto loan. (Def. SOF at ¶ 28). The Bankruptcy Court granted Spaine's motion to reopen the 2012 Bankruptcy, approved the reaffirmation of the auto loan, and closed the 2012 Bankruptcy again on March 21, 2013. (Def. SOF at ¶ 29, 30).

On March 25, 2013, Spaine filed on the docket in the 2012 Bankruptcy a letter to the Bankruptcy Trustee indicating that she continued to seek back and front pay in this lawsuit and that "I have a constitutional right to get [out] of debt and I should not have to sacrifice my compensation from from a wrongful termination." (Def. SOF at Ex. G). On May 20, 2013, following the filing of Defendant's Motion for Summary Judgment, Spaine for the first time filed an amended Schedule B in the 2012 Bankruptcy reflecting the existence of this suit. (Def. Reply to Pl. Add'l SOF at Ex. H; see also Case No. 12-43937 at Dkt. 46).

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). When determining if a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the Court will "limit its analysis of the facts on

3

summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statement." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Where a proposed statement of fact is supported by the record and not adequately rebutted, the court will accept that statement as true for purposes of summary judgment. An adequate rebuttal requires a citation to specific support in the record; an unsubstantiated denial is not adequate. *See Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.") (citing *Hadley v. County of Du Page*, 715 F.2d 1238, 1243 (7th Cir. 1983)).

## DISCUSSION

I.    **Spaine Has Presented a Genuine Issue as to whether she has Standing to Pursue her Termination Claims.**

CCI asks this Court to enter summary judgment in its favor because Plaintiff lacks standing to bring this lawsuit as the claims became the property of her Chapter 7 bankruptcy estate once she filed the 2012 Bankruptcy. A plaintiff must have standing in order for the Court to entertain their suit. *See Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443 (7th Cir. 2009) (citing *Warth v. Seldin,* 422 U.S. 490, 498 (1975)). When a debtor files a bankruptcy petition, generally all of his or her property becomes property of the estate. *See Matter of Yonikus,* 996 F.2d 866, 869 (7th Cir. 1993). The Bankruptcy Code defines property to include all of the debtor's legal and equitable interests. *See* 11 U.S.C. § 541; *see also Yonikus,* 996 F.2d at 869. This includes causes of action. *See In re Polis,* 217 F.3d 899, 901 (7th Cir. 2000). Therefore, once a party files a Chapter 7 petition, only the trustee for the bankruptcy estate has

the capacity to sue or be sued. *See Cable v. Ivy Tech State College,* 200 F.3d 467, 472 (7th Cir. 1999) (citing *In re New Era, Inc.,* 135 F.3d 1206, 1209 (7th Cir. 1998)).

The only way that a debtor can then assert a claim in their own name that arose prior to the filing of the petition is if the trustee abandons the debtor's claims. If this happens, title to the claim reverts to the debtor as if the debtor "had owned them continuously and the bankruptcy never happened." *Matthews v. Potter,* 316 Fed. Appx. 518, 521-22 (7th Cir. 2009) (citing Collier on Bankruptcy, ¶ 554.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)); *see also* 11 U.S.C. § 554. However, abandonment cannot occur if the debtor fails to disclose the claim to the trustee.

In this case, there is no dispute that Spaine filed the 2012 Bankruptcy November 5, 2012, well after the suit before this Court had commenced. There is no dispute that her claims in this suit accrued prior to the time she filed the 2012 Petition. But there is a dispute as to whether Spaine orally disclosed the existence of this suit to the Bankruptcy Court and the Bankruptcy Trustee. The record reveals that the Trustee was aware of the existence of this suit at the latest by March 13, 2013, when the Trustee wrote a letter to Spaine's counsel in this action noting that the suit is property of the estate and inquiring as to details about it. (Def. SOF at Ex. G). While Spaine's counsel has not presented admissible evidence that the Trustee definitely abandoned the claim, because Spaine's counsel's affidavit that the Trustee orally abandoned the claim is inadmissible hearsay evidence[1], there is nonetheless circumstantial evidence in the record suggesting the Trustee may have determined to abandon the claim because Spaine's bankruptcy case was re-closed on March 21, 2013, after the Trustee documented his knowledge of Spaine's

---

[1] Spaine's counsel in this action filed an affidavit in which he relayed that the Trustee told him in a telephone conversation that the Trustee had no intention to pursue the claims in this action. There is no evidence in the record in the form of a sworn statement from the Trustee himself. (Pl. Add'l SOF Ex. H).

claim via letter to Spaine's civil counsel in this action. Thus, the record presents sufficient evidence of the existence of a factual dispute as to whether the Trustee abandoned Spaine's claims that the Court cannot grant summary judgment to CCI on the issue of Spaine's standing to continue her action in this Court.

## II. The Doctrine of Judicial Estoppel Precludes Spaine's Claims.

But even if Spaine were to prove at trial that the Trustee abandoned this claim and that she has standing to pursue the claims brought here, her suit in this Court is nonetheless precluded by the doctrine of judicial estoppel. Once a Trustee has abandoned a claim and returned standing to the debtor, then the Court must consider the application of judicial estoppel. *Biesek v. Soo Line R.R. Co.,* 440 F.3d 410, 413 (7th Cir. 2006). This equitable doctrine "prevents a party from adopting a position in a legal proceeding contrary to a position successfully argued in an earlier legal proceeding." *Johnson v. ExxonMobil Corp.,* 426 F.3d 887, 891 (7th Cir. 2005). The Seventh Circuit has repeatedly stated that the doctrine precludes a "debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, [from] realiz[ing] on that concealed asset after the bankruptcy ends." *Cannon-Stokes v. Potter,* 453 F.3d 446, 448 (7th Cir. 2006); *see also Biesek,* 440 F.3d at 412 ("Plenty of authority supports the...conclusion that a debtor in bankruptcy who receives a discharge (and thus a personal financial benefit) by representing that he has no valuable choses in action cannot turn around after the bankruptcy ends and recover on a supposedly nonexistent claim.").

Since Spaine failed to disclose these claims in her bankruptcy petition, she is judicially estopped from pursuing them here even if she were to maintain standing based on abandonment. Spaine, contends that judicial estoppel should not apply to her claims in this case because her failure to disclose was inadvertent due to her belief that she was following the Bankruptcy

Court's instructions to refile her 2010 schedules as part of her 2012 Bankruptcy. Courts have generally found that an omission of a claim from a bankruptcy filing is only inadvertent when "'the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.'" *Esparza v. Costco Wholesale Corp.*, No. 10 C 5406, 2011 WL 6820022, at *5 (N.D. Ill. Dec. 28, 2011) (quoting *Eastman v. Union Pac. R. Co.,* 493 F.3d 1151, 1157-58 (10th Cir. 2007)). Spaine had knowledge of her claims since she had already filed this suit at the time she filed the 2012 Bankruptcy. Spaine certainly had motive to conceal this suit because she sought to receive the benefit of the discharge prior to getting relief in this suit, a motive that she reiterated when she filed her letter to the Trustee on the docket in her 2012 Bankruptcy in which she stated she believed it to be her "constitutional right" to be both free of debt and pursue her damanges in this suit.

Spaine's argument, supported by her affidavit, that her failure to disclose this suit is inadvertent because she used the 2010 schedules to prepare her 2012 Bankruptcy is flatly contradicted by the public record in the 2010 Bankruptcy and the 2012 Bankruptcy. A review of the schedules filed in the 2010 Bankruptcy and the 2012 Bankruptcy reveals that Spaine's self-serving statement to be disingenuous. The 2012 Bankruptcy schedules are markedly different form the 2010 Bankruptcy schedules; they include lower assets in 2012 than in 2010, a number of additional debts that are dated after 2010, and two discharged lawsuits filed in 2011 and 2012. Spaine updated all aspects of her schedules when she filed the 2012 Bankruptcy to reflect a worse financial position – fewer assets and more debts – and left off only one increase in her assets – the existence of this suit. *Compare* Def. SOF Ex. E (2012 schedules) to Pl. Add'l SOF Ex. B (2010 schedules). Far from showing inadvertence, the detail with which Spaine filled out her new schedules for the 2012 Bankruptcy suggests intent to conceal this suit's existence.

*Cannon-Stokes* supports the conclusion that judicial estoppel is appropriate, stating that "a debtor in bankruptcy is bound by her own representations, no matter why they were made, at least until the debtor moves to amend the disclosures and pay the creditors their due" and a debtor could only be released from an earlier representation regarding the status of her assets if she moved to amend the bankruptcy schedules as soon as she realized an asset had been omitted. *Cannon-Stokes,* 453 F.3d at 448-49 ("If Cannon-Stokes were really making an honest attempt to pay her debts, then as soon as she realized that [the claim] *had* been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery.").  Here, Spaine clearly knew about the claims when the 2012 Bankruptcy was filed, yet waited not just until after the 2012 Bankruptcy had been discharged, or until the case had been re-opened for relief on a different assets – reaffirmation of an automobile loan – and redischarged.   She waited all the way until CCI filed its motion for summary judgment in this case on the basis of the misrepresentation to the Bankruptcy Court.  Only then did she reopen her bankruptcy proceeding and amend the schedules, which is not the scenario envisioned by the *Cannon-Stokes* court and defined as "as soon as [she] realized."

Allowing this suit to proceed in the fact of belated amendment would not be appropriate because such a ruling would only encourage debtors to conceal assets since they would have an escape hatch if they are caught.  *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.,* 337 F.3d 314, 321 (3d. Cir. 2003) ("The bankruptcy rules were clearly not intended to encourage this kind of inadequate and misleading disclosure by creating an escape hatch debtors can duck into to avoid sanctions for omitting claims once their lack of candor is discovered."); *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1288 (11th Cir. 2002) ("Allowing [Plaintiff] to back-up, reopen the bankruptcy case, and amend his bankruptcy filings, only after

his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets."). Other district courts within this circuit, including a recent opinion from this Court, have agreed with this reasoning. *See, e.g., Viette v. Hospitality Staffing, Inc.* 2013 WL 2450101 (N.D. Ill. June 5, 2013) (Kendall, J.); *Esparza,* 2011 WL 6820022, at *4 ("allowing [plaintiff] to avoid the consequences of her deception by amending her filings only after being caught would diminish the incentive to provide truthful disclosures to the bankruptcy court"); *Smith v. Am. Gen. Life Inc. Co.,* 544 F. Supp. 2d 732, 734 (C.D. Ill. 2008); *Bland v. Rahar,* No. 09 C 3072, 2008 WL 109388, at *3 (C.D. Ill. Jan. 9, 2008). [2] Accordingly, the Court finds that Spaine should not be able to evade the doctrine of judicial estoppel by belatedly amending her schedules. Therefore, summary judgment in favor of CCI is warranted here.

## CONCLUSION

For the reasons set forth above, the Court grants CCI's motion for summary judgment.

Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 6, 2013

---

[2] The Ninth Circuit has recently found that reopening a bankruptcy proceeding is a "permissible alternative to judicial estoppel." *Ah Quin v. County of Kauai Dept. of Transp.*, -- F.3d -- , 2013 WL 3814916 (9th Cir. July 24, 2013). However, as the *Ah Quin* court notes, its holding is in the minority of circuits, the majority of which continue to apply the test of knowledge of the omitted claims and motive to conceal. *Id.* at *7.